IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-42015 |
| | ) | |
| Strong Eagle, | ) | Proceeding in Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Strong Eagle, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 10-4089 |
| | ) | |
| Big Muddy River Correctional Center/ | ) | |
| Illinois Dept. of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION**

This matter comes before the Court on the defendant, Big Muddy River Correctional Center/Illinois Department of Corrections' Motion for Summary Judgment on the plaintiff, Strong Eagle's Amended Complaint. The Court, having reviewed the written memoranda and being otherwise fully advised in the premises, finds as follows:

*Facts*

The plaintiff, Strong Eagle, is an inmate-resident at the Big Muddy Correctional Center in Ina, Illinois, in the custody of the Illinois Department of Corrections (IDOC). While incarcerated, the plaintiff is not allowed to possess cash. *Defendant's Exh. B.*, ¶ 3. Instead of cash, the defendant maintains a trust account for the plaintiff at the defendant's facility. *Id.* at ¶ 4. This trust account may be increased by adding funds sent from outside the institution or earned through a job or stipend within the institution. *Id.* at ¶ 6-7. Similarly, an inmate can deplete the trust fund by drawing against the funds in the trust account to purchase commissary

items; purchase approved goods from outside the institution; for postage, copies and library materials; and any other allowed payments. *Id.* at ¶ 12-13. Even if an inmate has a negative balance in his trust account, he is still allowed to draw against the account for reasonable amounts of legal postage and copies. *Id.* at ¶ 13. When an inmate with a negative balance in his trust account makes further charges against the account, an accounting note, styled as a restriction, is placed on the account ledger. *Id.* at ¶ 14. IDOC is required to keep an accounting of the balance in any inmate trust account regardless of whether the account has a positive or a negative balance. *Id.* at ¶ 9.

During his incarceration, prior to the filing of the underlying Chapter 7 bankruptcy on December 14, 2009, the plaintiff incurred expenses associated with legal matters in excess of $3,500.00. *Id.* at ¶ 19. This debt, owed to IDOC, was the only debt listed on the plaintiff's bankruptcy schedules. The plaintiff's Chapter 7 discharge was entered on April 27, 2010. While the plaintiff's bankruptcy was pending, but before discharge was entered, the plaintiff continued to incur post-petition expenses. *Id.* at ¶ 24-25, *Defendant's Exh. A.*, p. 29. The plaintiff's bankruptcy case was closed on May 17, 2010. On September 7, 2010, the plaintiff filed this instant adversary action. The defendant now moves for summary judgment on the plaintiff's Amended Complaint.

*Summary Judgment Standard*

To prevail on a Motion for Summary Judgment, the defendant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> [T]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

*Fed.R.Civ.P. 56(c)*. The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 252, 256, 106 S.Ct. 2505, 2514 (1986). There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). In ruling on a motion for summary judgment, the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor. *Household Commercial Financial Services, Inc. v. Trump*, 863 F.Supp. 735, 739 (N.D. Ill. 1994) citing *Anderson*, 477 U.S. at 255. Once the moving party has demonstrated the absence of any genuine factual issues, the non-moving party may not merely rest upon the allegations or denials in its pleading but must present specific facts showing that a genuine issue exists for trial. *Zayre Corporation v. S.M. & R. Co., Inc.*, 882 F.2d 1145, 1148 (7th Cir. 1989).

*Analysis*

The plaintiff's Amended Complaint alleges two counts against the defendant. First, the plaintiff alleges that the defendant violated the automatic stay provision of 11 U.S.C. § 362(a)(6). This section prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." In *Matter of Duke*, 79 F.3d 43, 44-45 (7th Cir. 1996), the 7th Circuit explained the automatic stay provision of 11 U.S.C. § 362:

> The automatic stay provision of § 362…generally prohibits the creditor from taking 'any act' to collect pre-petition debts. Its purpose, as this Court explained in *Matthews v. Rosene,* 739 F.2d 249, 251 (7th Cir.1984), is 'to benefit a debtor by preventing harassment and frustration of rehabilitation efforts through pursuit by creditors in individual actions.' Taken to its logical extreme, § 362 could be construed to prohibit all contact between creditors and debtors after a petition has been filed, with respect to dischargeable debts. The courts have not pushed it that far, however, not least because to do so would create significant tension with the

right to reaffirm.  Instead, *they have focused on the anti-harassment purpose of § 362*. (Emphasis added)

Second, the plaintiff alleges that the defendant violated the discharge injunction of 11 U.S.C. § 524(a)(2) which states that a debtor's discharge

> "[o]perates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived…"

Once the discharge in a bankruptcy is granted, while the debtor loses all benefits of the automatic stay, he is entitled to the protection envisioned within the effects of discharge as set forth under the discharge injunction of 11 U.S.C. § 524.  *In re Brock*, 23 B.R. 998, 1002-3 (Bankr.Dist.Col. 1982).

Both the automatic stay of § 362 and the discharge injunction of § 524 "apply only when a creditor acts to *collect* a pre-petition or discharged debt."  *In re Kuehn*, 563 F.3d 289, 291 (7th Cir. 2009) (emphasis in original).  A creditor acts to collect a debt if it acts or fails to act, in a coercive manner, with the sole purpose of collecting that debt.  *Id*. at 292.

Here, the plaintiff's Amended Complaint focuses on alleged actions taken by the defendant against the plaintiff's trust account.  In his first count, the plaintiff points to five specific times that the defendant allegedly garnished his trust account to pay the pre-petition debts owed to IDOC prior to the entry of his discharge.  Similarly, the plaintiff points to five alleged actions taken by the defendant against his trust account after his discharge was entered on April 27, 2010.  The plaintiff again alleges that these garnishments were actions taken to collect a pre-petition debt.  In actuality, the plaintiff alleges that the failure to remove the internal accounting restrictions on his trust account is a violation of the automatic stay and discharge injunction.

As made clear by the affidavits offered in support of the defendant's Motion, no actions to collect a pre-petition debt in violation of the automatic stay or discharge injunction were made. As previously stated, the plaintiff has a trust account under IDOC's care. Restrictions were made against that trust account as the plaintiff accrued fees for legal postage, copies and medical co-payments. All pre-petition restrictions on the account, totaling $3,511.89, were removed after the plaintiff received his discharge. *Defendant's Exh. C*, ¶ 5. This removal, while taking place sometime after the plaintiff received his discharge, was retroactive to the filing date of the plaintiff's Chapter 7 petition. *Id*. at ¶ 6. In addition, IDOC also removed restrictions on the plaintiff's trust account for post-petition charges of $96.84 on September 9, 2009, although not required to do so by the Bankruptcy Code. *Id*. at ¶ 13. As the defendant removed the accounting restrictions retroactive to the date of filing, there was no violation of the automatic stay or discharge injunction.

Assuming, *arguendo*, that the delay of the defendant in removing the account restriction is a technical violation of the stay and injunction of §§ 362 and 524, it does not qualify as the type of coercive actions with which these sections are concerned. Relying on the defendant's affidavits and the testimony of the plaintiff, it is clear no coercive acts were taken against the plaintiff. Despite the alleged actions of the defendant to collect on the plaintiff's pre-petition debt, the plaintiff continued to make charges against his trust account post-petition. *Defendant's Exh. A*, p. 40. He continued to receive medical care at the defendant's institution. *Id*. at 30. He also continued to make legal copies. *Id*. IDOC also provided the plaintiff with three meals a day and clothes to wear. *Id*. at 31-32. Finally, the plaintiff continued to receive a monthly stipend credited to his trust account from IDOC. *Id*. at 32. There is no evidence that the defendant employed coercion to collect on the debt discharged in the plaintiff's bankruptcy.

The defendant moves for summary judgment and supports its Motion with a brief, portions of the plaintiff's deposition testimony and two affidavits from IDOC employees.  The plaintiff failed to respond to the defendant's Motion.  "Where the moving party fails to meet its strict burden of proof, summary judgment cannot be entered even if the opposing party fails to respond to the motion."  *Kaufman v. Cserny*, 856 F.Supp. 1307, 1309 (S.D.Ill. 1994).  Despite this, pursuant to Local Rule 7.1, "failure to timely respond to a motion [for summary judgment] may, in the Court's discretion be considered an admission of the merits of the motion.  SDIL-LR 7.1.  The rules of the District Court for the Southern District of Illinois apply to the proceedings in this Bankruptcy Court.  S.D. Ill. LBR 1001-2.  Importantly, while the plaintiff failed to respond to the defendant's Motion for Summary Judgment, this Court is unaware of any evidence he could have produced that would have introduced the needed question of material fact.

*Conclusion*

For these reasons, the Court finds that the defendant has met its burden showing that there is no issue of material fact in this proceeding and the defendant is entitled to judgment as a matter of law.  The defendant's Motion for Summary Judgment is granted.

SEE WRITTEN ORDER ENTERED THIS DATE.

ENTERED: June 16, 2011

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE/4